Regan v. Excelsior Printing Co., 182 Ill. App. 27.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 848*—*when gas company liable for acts of its servants.* Gas company is liable for the acts of its servants where a servant goes to plaintiff's home to repair a gas leak in basement and on leaving fails to close a trap door in the floor near the outer door, and plaintiff on returning home falls through and is injured.

2. MASTER AND SERVANT, § 848*—*when negligence of others cannot be imputed to plaintiff.* Negligence of plaintiff's wife cannot be imputed to plaintiff to relieve master of liability for negligence of his servants.

3. MASTER AND SERVANT, § 868*—*when contributory negligence a question for jury.* Whether plaintiff was guilty of contributory negligence in failing to observe an open door in floor is a question for the jury.

4. NEGLIGENCE, § 208*—*when instruction that plaintiff may rely on due care, erroneous.* Instruction that plaintiff had right to presume that servant of defendant would use ordinary care *held* erroneous as omitting duty of plaintiff to exercise due care.

5. NEGLIGENCE, § 218*—*meaning of words "negligence, if any"* contained in instruction.* The words "negligence, if any" contained in an instruction *held* to mean that the court would not have the jury infer that the court assumed that defendant was negligent.

6. APPEAL AND ERROR, § 1474*—*when opinion evidence harmless.* When verdict is not argued as excessive, the fact that a physician who examined plaintiff for purpose of testifying based his opinion partly on subjective symptoms, is harmless error.

---

## John Regan, Appellant, v. The Excelsior Printing Company, Appellee.

### Gen. No. 18,362. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed October 9, 1913.

### Statement of the Case.

Action by John Regan against The Excelsior Printing Company, a corporation, to recover possession of certain property or its value. From a judgment find-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

ing plaintiff entitled to possession and finding defendant not guilty under count in trover, plaintiff appeals.

JOEL W. STEVENS and JOHN M. LONERGAN, for appellant.

CHARLES R. WHITMAN, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 27*—*when bill of exceptions may be stricken from record.* Bill of exceptions in a first class case from the Municipal Court *held* properly stricken from record when not tendered to the judge within sixty days from entry of final order.

2. APPEAL AND ERROR, § 867*—*style of type in abstract of record.* Abstract of record printed in smaller type than provided· for in Appellate Court rules cannot be considered.

---

### Clarence A. G. Kuipers, Appellee, v. Math. Thome, Appellant.

### Gen. No. 18,374. (Not to be reported in full.)

Appeal from the Superior Court of Cook County; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed October 9, 1913.

### Statement of the Case.

Action in behalf of Clarence A. G. Kuipers, a minor, by Annie E. Kuipers, his next friend, to rescind a contract and to recover one thousand dollars advanced thereunder, on ground of infancy. From a decree re-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.